**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| IN THE MATTER OF: | ) | BK. NO. | 18-80203 |
|---|---|---|---|
|  | ) | (Chapter 13) |  |
| Jon Michael Cady | ) |  |  |
| , | ) |  |  |
|  | ) |  |  |
| Debtor(s). | ) |  |  |

**NOTICE TO CREDITORS AND DEBTORS**

The Bankruptcy Court for the District of Nebraska enacts this Local Form Chapter 13 Plan [hereinafter "plan"] under the provisions contained in Rule 3015.1 of the Federal Rules of Bankruptcy Procedure. This form plan shall be used for all Chapter 13 plans filed on or after the effective date of Rule 3015.1.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to this plan no later than the date designated in the attached Notice of Resistance Deadline. The Bankruptcy Court may confirm or approve this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**You must file a timely proof of claim in order to be paid under this plan**.

In this District, the amount set forth in the claim controls the amount to be paid to a creditor. The value of the collateral set forth in the claim controls the amount to be paid subject to the right of the debtor to object to the claim amount and/or the valuation of the collateral in the claim. Avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate. Interest is paid to secured creditors in the amount and from the date specified in the plan.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would limit the amount of a secured claim or the value of collateral. The Debtor acknowledges that such limit on the amount of the claim or the value of the collateral shall be raised by objection to the claim.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would avoid a security interest or lien. The Debtor acknowledges that avoidance of a security interest or lien or the stripping of a lien shall be raised by motion or adversary proceeding as appropriate.

This plan requires that all nonstandard provisions be set forth in PART 11 of the plan and use of PART 11 must be identified by checking the box below.

**DEBTORS MUST CHECK ONE BOX BELOW TO STATE WHETHER NONSTANDARD PROVISIONS ARE OR ARE NOT CONTAINED IN PART 11 OF THIS PLAN. IF THE BOX IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISIONS CONTAINED IN PART 11 WILL BE INEFFECTIVE.**

| Nonstandard provisions, set out in Part 11 | X | Included |  | Not included |
|---|---|---|---|---|

## PART 1.    PAYMENTS

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of payments | Base Amount (A X B) |
|---|---|---|
| Various/Payments made to date---> | | |
| $1,112 | 60 | $66,720 |
|  |  |  |

|  |  |  |
|---|---|---|
|  | Total Plan Base Amount: | $66,720 |

The payment shall be withheld from the Debtor's paycheck:     Yes:    X         No:

Employee's name from whose check the payment is deducted:    **See Part 11 (a)**

Employer's name, address, city, state, phone:    **See Part 11 (a)**

Debtor is paid:   Monthly [ ]    Twice Monthly [ ]    Weekly [ ]    Biweekly [ X ]    Other [ ]    **See Part 11 (a)**

This plan cures any arrearage in payments to the Chapter 13 Trustee under any prior plan in this case.

**NOTE:  PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**PART 2.    ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order; and, unless otherwise provided, claims within each class shall be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in PART 6 of this plan, minimum arrearage payments and regular executory contract payments due on Executory Contracts and Leases in PART 7 of this plan, and minimum monthly payments on arrearages on 11 U.S.C. § 507(a)(1)(A) priority domestic support claims in PART 5(B) of this plan **[NOTE: IF THERE ARE NO MINIMUM ARREARAGE PAYMENTS OR REGULAR EXECUTORY CONTRACT PAYMENTS DESIGNATED IN THE PLAN, THOSE MONIES WILL BE DISTRIBUTED UNDER # 3 ON ATTORNEY FEES];**

3. The Debtor's attorney's fees and costs as approved by the Court **[NOTE: DEBTOR'S COUNSEL SHOULD NOT DESIGNATE A PER MONTH PAYMENT FOR ATTORNEY FEES. UNDER THIS ORDER OF PAYMENTS ALL FUNDS WILL BE CODED FOR ATTORNEY FEES AFTER THE BEFORE DISCUSSED MINIMUM MONTHLY PAYMENTS AND EXECUTORY CONTRACT PAYMENTS];**

4. After payments of the previously listed amounts in (1) through (3) above, additional funds will be distributed prorata to secured claims in **PART 6**, arrearages on Executory Contracts and Leases in **PART 7** of this plan and domestic support claims under 11 U.S.C. § 507(a)(1)(A) in **PART 5(B)** of this plan;

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 Trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C.

   § 1305;

7. Payments on co-signed unsecured claims listed in **PART 8** of this plan;

8. General Unsecured Claims.

## PART 3. §1326(A) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors with entry of an order of the Court. The Debtor proposing pre-confirmation payments will **immediately** commence plan payments to the Trustee. Creditors must file a timely proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in **PARTS 6** and **7** of this plan.

| Creditor's Name and Full Address | | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|---|
| Americredit/GM Financial | Attn: BKR, PO Box 183853, Arlington, TX 76096-3853 | 5335 | 3/24/2018 | $804 |

## PART 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment received by the Trustee.

**Neb. R. Bankr. P. 2016-1(A)(4)** and **Appendix "K"** provide for the maximum allowance of Chapter 13 attorney fees and expenses [Standard Allowable Amount "SAA"] which may be included in a Chapter 13 Plan. Additional fees or costs in excess of this amount must be approved through the "ALC" Fees process or a separate fee application. Fees and costs requested for allowance are as follows:

| "SAA" Fees Requested | Fees Received Prior to Filing | Balance of "SAA" Fees to be Paid in Plan |
|---|---|---|
| Fee application to be filed | Fee Application to be filed | Fee application to be filed |
| "SAA" Costs Requested | Costs Received Prior to Filing | Balance of "SAA" Costs to Be Paid in Plan |
| Fee application to be filed | Fee application to be filed | Fee application to be filed |

## PART 5. PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

   **A. Domestic Support Obligations**

   [X] **None.** *If "None" is checked, the rest of § 5(A) need not be completed or reproduced.*

   **B. Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

    [X] **None.** *If "None" is checked, the rest of § 5(B) need not be completed or reproduced.*

**C.** **Domestic Support Obligations Assigned To Or Owed to A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

    [X] **None.** *If "None" is checked, the rest of § 5(C) need not be completed or reproduced.*

**D.** **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

    *See Part 11 (f).*

**E.** **Chapter 7 Trustee Compensation Allowed under 11 U.S.C. § 1326(b)(3)**

    [X] **None.** *If "None" is checked, the rest of § 5(E) need not be completed or reproduced.*

**F.** **Other Priority Claims** Provisions for treatment in Part 11 of plan.


## PART 6.    SECURED CLAIMS

**A.** **Home Mortgage Claims**
**(including claims secured by real property which the debtor intends to retain)**

1) [X] **None.** *If "None" is checked, the rest of § 6(A) need not be completed or reproduced.*
directly to each mortgage creditor as those payments ordinarily come due beginning with the first

**B.** **Post-Confirmation Payments to Creditors Secured by Personal Property.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2):

    1) **Secured Claims to which § 506 is NOT applicable:**

        a. [X] None. *If "None" is checked, the rest of § 6(B)(1) need not be completed or reproduced.*

    2) **Secured Claims to which § 506 is applicable:**

        a. [ ] None.
        b. Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1)(b). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. In this District, the value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| Nebraska Furniture Mart | Misc. electronics, etc. from NFM | $3,085 | 6.50% | 6.50% | $0 | $3,659 |

**C.** **Surrender of Property**

1)     [X] None.  *If "None" is checked, the rest of § 6(C) need not be completed or reproduced.*

**D.** **Lien Avoidance and Lien Stripping**

1)     [X] None.  *If "None" is checked, the rest of § 6(D) need not be completed or reproduced.*

**PART 7.**  **EXECUTORY CONTRACTS/LEASES**

**A.**   The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. All other executory contracts and unexpired leases are rejected. Any pre-petition arrearage will be cured in monthly payments as noted below:

**B.**   Check One

1)     [ ] None.
2)     [X] Assumed Items:

| | Name of Creditor | Property Subject to Executory Contract / Lease | Estimated Arrearages on Executory Contract as of Date of Filing | Minimum Monthly Payment to Be Made On Exec. Contract Arrearage | Regular Number of Contract Payments Remaining as of Date of Filing | Amount of Regular Executory Contract Payment | Due Date of Regular Executory Contract Payment | Total Payments (Arrears Plus Regular Executory Contract Payments) |
|---|---|---|---|---|---|---|---|---|
| 1 | Americredit/GM Financial | 2017 Chevy Volt | $1,850 | $0 | 31 | $804.00 | 3/24/18 | $26,774 |
| 2 | | | | $0 | 20 | | | $0 |
| 3 | | | | $0 | 10 | | | $0 |

**PART 8.**  **CO-SIGNED UNSECURED DEBTS**

**A.**   [X] None.  *If "None" is checked, the rest of § Part 8 need not be completed or reproduced.*

**PART 9.**  **UNSECURED CLAIMS**

**A.**    Allowed unsecured claims shall be paid pro rata from all remaining funds.

**PART 10.**  **ADDITIONAL PROVISIONS**

**A.**   If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court

      may confirm the plan without further hearing.

**B.**    Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and theDebtor shall have the sole right to use and possession of property of the estate

**C.**    In order to obtain distributions under the plan, a creditor must file a proof of claim no later than 70 days after the filing of the petition except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

**D.**    Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the Plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

**E.**    After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and allcreditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in **interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1). Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

## PART 11.  NONSTANDARD PROVISIONS

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Local Form Plan or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective and void.**

The following plan provisions will be effective only if there is a check in the box "included" at the end of the opening **Notice to Creditors and Debtors** of this plan.

### Part 11 (a)

| | Debtor: | Co-Debtor: |
|---|---|---|
| Employee's name whose payroll is deducted: | Jon M. Cady | |
| Employer's name, address, city, state, phone: | First National Technology Solutions, 6200 S. Quebec St., Ste 450A, Payroll Dept, Englewood, CO 80111 | |

| **Special Notes:** 1. The Trustee shall only implement an employer withholding if specific employer name is listed above. |
|---|
| |
| |
| |

Debtor is paid:    Bi-Weekly        Co-debtor is paid: _____

### Part 11 (b)    [X]  N/A.

### Part 11 (c)

    **N/A**

**Part 11 (d)**

   <u>N/A</u>

**Part 11 (e)**

   <u>N/A</u>

**Part 11 (f)**    Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305

| Name of Creditor, Estimated Amount of Claim and Interest rate to be paid on said claim, if any. | | |
|---|---|---|
| Name of Creditor | Estimated Amount of Claim | Interest Rate |
| Nebraska Department of Revenue | $500.00 | 4.50% |
| N/A | N/A | N/A |

**Part 11 (g)**

   <u>N/A</u>

**Part 11 (h)**    OTHER MISCELLANEOUS PROVISIONS TO PLAN:

1. The Debtor shall pay back his 401(k) loan with with FNBO directly via withholdings from his wages.
2. The Debtor has approximately 31 remaining lease payments on his vehicle.  When the lease only has a few more months left, the Debtor will seek permission to obtain another vehicle (purchase or lease) and amend Plan and/or Schedules accordingly.
3. Per Appendix K[4][e], Debtor's counsel is the successor attorney for the Debtor and elects to file a fee application.

### NOTICE OF RESISTANCE DEADLINE

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

**(USE OPTION A OR B – AND CHECK ONE OF THE BOXES** – SEE LOCAL COURT RULES)

A. [ ]    **14 DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS**

**OR**

[X]    <u>**4/17/2018**</u>    **(USE A CALENDAR DATE WHICH IS AT LEAST 21 DAYS AFTER THE THE DATE THE THE PLAN IS FILED WITH THE COURT)**

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER**

**HEARING.**

## CERTIFICATE OF SERVICE

On 3/16/2018 the undersigned mailed a copy of this plan to all creditors, parties in interesst and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A. laughlin, Standing Chapter 13 Trustee, District of Nebraska.

Dated:    3/16/2018                         Jon Michael Cady

                                                                                        ,
                                                                                        Debtor(s)

By:    /s/ John T. Turco
       John T. Turco, #19143
       John T. Turco & Associates, P.C., L.L.O.
       2580 South 90th St.
       Omaha, NE  68124
       Telephone:  (402) 933-8600
       Fax number:  (402) 934-2848
       John.Turco@JohnTurcoLaw.com
       Attorney for Debtor(s)

By filing this document, the Attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in **PART 11** of this plan.

Americredit/Gm Financial
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

Barclays Bank Delaware
100 S West St
Wilmington, DE 19801-5015

Capital One
Attn: General Correspondence / Bankrupt
PO Box 30285
Salt Lake City, UT 84130-0285

Centris Fed Credit Uni
Attn: Bankruptcy
11825 Q St
Omaha, NE 68137

Centris Federal Credit Union
11825 Q St
Omaha, NE 68137-3503

Chase Card
PO Box 15298
Wilmington, DE 19850-5298

Citicards Cbna
Citicorp Credit Svc/Centralized Bankrupt
PO Box 790040
Saint Louis, MO 63179-0040

Department of Education
Office of General Counsel
400 Maryland Avenue SW
Washington, DC 20202-0008

Discover Financial
PO Box 3025
New Albany, OH 43054-3025

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374-0256

Experian
PO Box 2002
Allen, TX 75013-2002

FedLoan Servicing
Attention: Bankruptcy
Harrisburg, PA 17106-9184

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jon M. Cady
7003 Josephine St.
La Vista, NE 68128

National Account Systems of Omaha
PO Box 45767
Omaha, NE 68145-0767

Nebraska Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 94818
Lincoln, NE 68509-4818

Nebraska Furniture Mart
Attn: Collections
PO Box 2335
Omaha, NE 68103-2335

Sarpy County Attorney
1210 Golden Gate Dr
Papillion, NE 68046

Sarpy County Treasurer
1210 Golden Gate Dr
Papillion, NE 68046

Thomas C. Underwood, Esq.
105 N. 31st St., Ste 211
Omaha, NE 68131

TransUnion
PO Box 2000
Chester, PA 19016-2000

United States Attorney s Office- Omaha
1620 Dodge St, Ste 1400
Omaha, NE 68101

USAA Svg Bk
Attn: Bankruptcy
10750 McDermott Fwy
San Antonio, TX 78288-0002

Verizon Wirelesss
Bankruptcy Administration
500 Technology Drive, Ste 550
Saint Charles, MO 63304